UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
-------------------------------------------------------------------------X
TASHIANA LUKE,

<table>
<tr><td></td><td>Civil Action No.</td></tr>
<tr><td>Plaintiff,</td><td>2:18-cv-07456</td></tr>
</table>


DOUGH BOY INC.; LANGSTON FAIZON SANTISIMA          **COMPLAINT**
*a/k/a* FAIZON ANDRE LOVE, *individually*,

Plaintiff Demands
a Trial by Jury


                         Defendants.
-------------------------------------------------------------------------X

Plaintiff, TASHIANA LUKE, as and for her Complaint against the above Defendants

respectfully alleges upon information and belief as follows:


## NATURE OF THE CASE

1. Plaintiff complains pursuant to the California Government Code §12900 *et seq*. and seeks

   damages to redress the injuries Plaintiff has suffered as a result of being sexually harassed,

   discriminated against on the basis of her gender, and retaliated against by her employer for

   complaining of harassment and discrimination.


## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court as this action involves Diversity of

   Citizenship under 28 U.S.C. §1332.

3. Plaintiff is a resident of the Commonwealth of Pennsylvania. Plaintiff resides at 8507

   Forrest Avenue, Philadelphia, PA 19150.

4.  Defendant DOUGH BOY INC. is a domestic corporation with its principal place of business located at 269 South Beverly Drive, #1139, Beverly Hills, CA 90210.

5.  Upon information and belief, Defendant LANGSTON FAIZON SANTISIMA *a.k.a.* FAIZON ANDRE LOVE is a resident of the State of California.

6.  The amount in controversy in this matter exceeds $75,000.

7.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b) based upon the fact that Defendant DOUGH BOY INC. was and is a resident of the County of Los Angeles, within the Central District of California, and Defendant LANGSTON FAIZON SANTISIMA was and is a resident of the State of California. Additionally, the majority of the events in issue took place in Los Angeles County, California within the Central District of California.

8.  On or about June 14, 2017, Plaintiff filed a Complaint of Employment Discrimination before the California Department of Fair Employment and Housing ("DFEH") against Defendants as set forth herein.

9.  On or about November 9, 2017, the DFEH issued Plaintiff her Notice of Case Closure and Right to Sue.

10. This action is being commenced within one year of the date of the DFEH Right to Sue Letter.

## PARTIES

11. Plaintiff TASHIANA LUKE (hereinafter also referred to as Plaintiff and "LUKE") is an individual female who is a resident of the Commonwealth of Pennsylvania.

12. At all times material, Defendant DOUGH BOY INC. was and is a domestic business corporation believed to be formed under the laws of and doing business in the State of California.

13. At all times material, Defendant DOUGH BOY INC. was located at 269 South Beverly Drive, #1139, Beverly Hills, CA 90210.

14. At all times herein, Defendant LANGSTON FAIZON SANTISIMA *a.k.a.* FAIZON ANDRE LOVE was the Owner of DOUGH BOY, INC.[1]

15. At all times material, Plaintiff was jointly employed by Defendants DOUGH BOY, INC. and SANTISIMA.

16. At all times material, Defendant SANTISIMA held direct supervisory authority over Plaintiff.

## MATERIAL FACTS

17. Around June 9, 2016, Plaintiff began working for Defendants DOUGH BOY INC. and SANTISIMA as a Personal Assistant.

18. Beginning soon after Plaintiff began the job, and continuing throughout her employment with Defendants, Defendants subjected Plaintiff to sex/gender discrimination, sexual harassment, and retaliation, as well as subjecting her to a hostile work environment.

19. At all times material, Defendant SANTISIMA would regularly make unwelcome sexual advances towards Plaintiff.

20. By means of example only, when Plaintiff would ask SANTISIMA if he needed anything for work, he would typically laugh and respond in a sexually suggestive manner with

---

[1] For the sake of conciseness, Defendant LANGSTON FAIZON SANTISIMA *a.k.a.* FAIZON ANDRE LOVE will be simply referred to as "Defendant SANTISIMA," as they are the same person who goes by two different names.

"*Anything?*" or, in the same manner, "Don't say 'anything.' You know what 'anything' means."

21. Defendant SANTISIMA would also regularly ogle Plaintiff, and tell her that "Your ass looks nice in those pants."

22. At all times material, when Plaintiff would rebuff Defendant SANTISIMA's sexual advances, SANTISIMA would retaliate against Plaintiff by ignoring her messages and inhibiting her ability to perform her job duties.

23. Furthermore, SANTISIMA would regularly remind Plaintiff that she was in a difficult financial position, stating to her in words or substance (again, in a sexually suggestive manner) that "You know you need your tuition paid."  By speaking to Plaintiff in such a way, Defendant SANTISIMA would imply that Plaintiff should perform sexual favors for him in return for her present and continued employment.

24. Each time that Plaintiff told him to stop, Defendant SANTISIMA typically ignored her and continued his harassment.

25. Around or around June 25, 2016, around 10:18 p.m., Defendant SANTISIMA sent Plaintiff a text message that stated "I shot a test scene what do you think." The message included an extremely sexually explicit video lasting one minute and ten seconds during which a young woman can be seen performing oral sex on Defendant SANTISIMA. Plaintiff was shocked and horrified by receiving the explicit pornographic video from her employer.

26. When Plaintiff did not respond to the highly graphic text message, Defendant SANTISIMA began to bombard Plaintiff with text message and phone calls, such as

"Blu!!!!! [a nickname that Defendant SANTISIMA called Plaintiff]" "Pic [sic] up" and even a more threatening message, stating "If you don't pic [sic] this phone up."

27. Around June 15, 2016, at approximately 1:00 A.M., Plaintiff telephoned Defendant SANTISIMA.  During that call, Plaintiff told Defendant SANTISIMA that she was made extremely uncomfortable by receiving the pornographic video that he sent her, and that she no longer felt comfortable working for him.

28. Accordingly, around June 26, 2016, Defendants constructively discharged Plaintiff. Defendants made Plaintiff's working conditions so onerous, abusive, and intolerable for Plaintiff that no similarly-situated woman would have been expected to continue working under such conditions, and such that Plaintiff's resignation was devoid of free will.

29. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

30. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

31. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendants.

32. The above are just some examples, of some of the sexual discrimination and harassment to which Defendants subjected Plaintiff.

33. Defendants have exhibited a pattern and practice of not only tolerating discrimination and retaliation, but also failing to investigate and cure the wrong once it has been reported.

34. Plaintiff claims alternatively (in the event Defendant Claims so or that the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER CALIFORNIA GOVERNMENT
## CODE § 12940(a)

35. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

36. California Govt. Code §12940 states in relevant parts as follows: "Unlawful Practices, Generally: It is an unlawful employment practice...(a) for an employer, because of the…sex…of any person…to discriminate against the person…in terms, conditions, or privileges of employment."

37. Defendants engaged in unlawful employment practices prohibited by California Govt. Code §12940 *et seq.* by discriminating against Plaintiff because of her sex/gender.

38. Plaintiff hereby states a claim against Defendants under all relevant paragraphs of California Govt. Code §12940.

## AS A SECOND CAUSE OF ACTION
## FOR HARASSMENT UNDER CALIFORNIA GOVERNMENT
## CODE § 12940(j)

39. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

40. California Gov. Code §12940 states in relevant parts as follows: "Unlawful Practices, Generally: It is an unlawful employment practice...(j)(1) For an employer...because of...sex...to harass an employee."

41. Defendants engaged in unlawful employment practices prohibited by California Govt. Code §12940 *et seq.* by harassing Plaintiff because of her sex/gender.

**AS A THIRD CAUSE OF ACTION**
**FOR FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT**
**UNDER CALIFORNIA GOVERNMENT CODE § 12940(k)**

42. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

43. California Gov. Code §12940 states in relevant parts as follows: "Unlawful Practices, Generally: It is an unlawful employment practice...(k) For an employer...to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

44. Defendants engaged in unlawful employment practices prohibited by California Govt. Code §12940 *et seq.* by failing to prevent the discrimination and harassment of Plaintiff.

**AS A FOURTH CAUSE OF ACTION**
**FOR RETALIATION UNDER CALIFORNIA GOVERNMENT**
**CODE § 12940(h)**

45. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

46. California Gov. Code §12940 states in relevant parts as follows: "Unlawful Practices, Generally: It is an unlawful employment practice...(h) For any employer...or person to

discharge, expel, or otherwise discriminate against any person because the person has

opposed any practices forbidden under this part…"

47. Defendants engaged in unlawful employment practices prohibited by California Govt.

Code §12940 *et seq.* by retaliating against Plaintiff for opposing unlawful employment

practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally,

in an amount to be determined at the time of trial plus interest, including but not limited to all

emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory

damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the

Court deems just and proper.

Dated: Philadelphia, Pennsylvania          **DEREK SMITH LAW GROUP, PLLC**
       August 24, 2018                              *Attorneys for Plaintiff*


By: _____
    Nathaniel N. Peckham, Esq.
    CA State Bar No. 302197
    1845 Walnut Street, Suite 1601
    Philadelphia, Pennsylvania 19103
    Tel. (215) 391-4790
    nathaniel@dereksmithlaw.com